**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKKI GIAVASIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DENT-A-MED INC. DBA HC PROCESSING CENTER, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>3. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692, ET SEQ.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff NIKKI GIAVASIS ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.  Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of DENT-A-MED INC. dba HC PROCESSING CENTER ("Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy. Ancillary to the claims above, Plaintiff also brings an action for damages as an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION & VENUE

2.  Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business in Arkansas and State of Incorporation in Oklahoma. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.  Venue is proper in the United States District Court for the Central

District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and the Central District of California.

## PARTIES

4. Plaintiff, NIKKI GIAVASIS ("Plaintiff"), is a natural person residing in Calabasas, California and is a "person" as defined by *47 U.S.C. § 153 (39)*, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

5. Defendant, DENT-A-MED INC. dba HC PROCESSING CENTER ("Defendant"), is a business that loans money to consumers and is a "person" as defined by *47 U.S.C. § 153 (39)*. Further, Defendant was a company engaged, by use of the mails and telephone, in the business of collecting a debt from PLAINTIFF which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). DEFENDANT regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant Complaint, including within the one year preceding the filing of this Complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7. Beginning in and around 2015, Defendant contacted Plaintiff on her cellular telephone in an attempt to collect an alleged outstanding debt.

8. Defendant was calling Plaintiff on her cellular telephone number ending in -9876.

9. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its daily calls to Plaintiff seeking to collect the debt allegedly owed.

10. Defendant called Plaintiff on her cellular telephone with enough frequency to constitute harassment under the circumstance.

11. Defendant's calls constituted calls that were not for emergency

1. purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

12. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

13. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

## FACTUAL ALLEGATIONS – FDCPA

14. In addition to the facts pled above, at various times prior to the filing of the instant complaint, including within one year preceding the filing of this complaint, DEFENDANT contacted PLAINTIFF in an attempt to collect an alleged outstanding debt by placing phone calls and leaving voicemails.

15. On or about April of 2015, Plaintiff began receiving numerous calls from Defendant.

16. During these telephone calls, including two voicemails, Defendant informed Plaintiff to call back Defendant at 1-877-486-3446. At no time Defendant identified itself as a debt collector calling in an attempt to collect a debt. Moreover, Plaintiff is informed, and bases thereon, that she is *not* behind in her payments. In fact, to Plaintiff's knowledge, she is caught up and current with her payments to Defendant. Defendant should not be contacting and bothering Plaintiff regarding a debt Plaintiff does not owe.

17. Due to the aforementioned conduct, Defendant has used false and deceptive practices in connection with attempts to collect an alleged debt owed from Plaintiff, which is prohibited by federal law.

18. Defendant's conduct violated the FDCPA by:

   a) [Failing] to disclose in the initial written communication with the consumer and, in addition, if the initial

communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. (§ 1692e(11));

19. As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## CLASS ALLEGATIONS

20. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

21. Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to

Defendant within the four years prior to the filing of this Complaint.

22. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

23. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

24. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

25. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any collection call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using

    any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

  b. Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and

  c. Whether Defendant should be enjoined from engaging in such conduct in the future.

26. As a person that received numerous collection calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

27. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

28. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

29. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to

such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

30. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

31. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

33. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

34. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

35. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-34.

36. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et*

*seq.*

37. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

37. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

### Violations of the federal Fair Debt Collection Practices Act
### 15 U.S.C. § 1692 et seq.

38. Plaintiff repeats and reincorporates by reference into this cause of action allegations set forth above at paragraphs 1-37.

39. To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Any and all other relief that the Court deems just and proper.

///
///
///

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

**Violations of the federal Fair Debt Collection Practices Act**

**15 U.S.C. § 1692 et seq.**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;

    B.    Statutory damages for willful and negligent violations;

    C.    Costs and reasonable attorney's fees,

    D.    For such other and further relief as may be just and proper.

## TRIAL BY JURY

40. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 4th day of April, 2016.

        LAW OFFICES OF TODD M. FRIEDMAN, P.C.
        By:  <u>/s/ Todd M. Friedman</u>
            Todd M. Friedman
            Law Offices of Todd M. Friedman
            Attorney for Plaintiff